**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1458
_____

SCOTT E. ROBINSON,
                                        Appellant

v.

CONSUMER FINANCIAL PROTECTION BUREAU; and
Sen. ELIZABETH WARREN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-16-cv-02183)
District Judge:  Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2017

Before:  SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 22, 2017)
_____

OPINION[*]
_____

PER CURIAM

     Scott Robinson filed this lawsuit in October 2016, against the Consumer Financial

Protection Bureau ("the CFPB") and Senator Elizabeth Warren.  The precise factual and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

legal bases of Robinson's claims are not easy to discern. According to documents attached to the complaint, it appears that Robinson's intended narrative begins with his receipt of direct mail marketing from Wells Fargo indicating eligibility to obtain certain mortgage products.

Apparently, in or around May 2016, Robinson applied to refinance the mortgage on his investment property in Carlisle, Pennsylvania. Robinson's loan application was conditionally approved and, by September 2, 2016, it was at the desk of a Wells Fargo underwriter for final review. His refinance prospects allegedly soured, however, when later that month Senator Warren began "attacking" Wells Fargo "in public hearings before Congress." Contemporaneous with those hearings, Wells Fargo denied Robinson's loan application. The bank explained to Robinson that, pursuant to federal regulations (allegedly implemented by the CFPB), Robinson's "proportion of the settlement costs to the size of [his] particular loan . . . was too high." Robinson claimed that the conduct of the CFPB and of Senator Warren unlawfully prompted Wells Fargo's loan decision, in violation of the Declaration of Independence as well as unspecified parts of the U.S. Constitution. Robinson sought damages in excess of $600,000.

A Magistrate Judge granted Robinson's application to proceed in forma pauperis, based on Robinson's sworn averments that he had no assets and a multitude of debts. The Magistrate Judge then screened Robinson's complaint under 28 U.S.C. § 1915(e)(2).

After a thorough review of federal pleading standards, the Magistrate Judge determined that Robinson's complaint failed to state a viable claim. Specifically, the Magistrate Judge determined that the complaint was defective because, among other

2

things:  (1) it "set forth no well-pleaded, or intelligible, factual narrative thread giving rise to civil liability [for] either Senator Warren or the [CFPB]"; (2) insofar as Robinson sought to bring a Bivens action against the CFPB, the agency was entitled to sovereign immunity; (3) Senator Warren was entitled to legislative immunity because her allegedly unconstitutional conduct consisted of remarks during a Congressional hearing; and (4) there is no private right of action to enforce the Declaration of Independence.  The Magistrate Judge determined that leave to amend would be futile because "the structural flaws in this complaint are beyond any form of repair."  The Magistrate Judge thus recommended dismissal of the complaint with prejudice.  Over Robinson's objections, the District Court agreed with that recommended disposition.  This appeal followed.[1]

On appeal, Robinson filed a two-page "informal brief/ motion to update court." Pro se pleadings are to be construed liberally, but nowhere in Robinson's brief does he explain how, if at all, the District Court erred.  Regardless, the District Court correctly determined that Robinson's complaint failed to state a claim, for substantially the reasons given by the Magistrate Judge in his report.  In addition, the District Court's refusal to grant leave to amend, on futility grounds, was not an abuse of discretion.  Cf. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010). Therefore, we will affirm the judgment of the District Court.

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  Sua sponte dismissals for failure to state a claim are reviewed de novo.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).